IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER M. GALLEGOS, ARTHUR
GALLEGOS, and all New Mexico
Residents similarly situated,

    Plaintiffs,

v.                                                       1:18-CV-00690 LF-JHR

TAX DEFENSE NETWORK, LLC, a Delaware
limited liability company, RYAN LEE DAVIS,
an attorney and resident of Florida, and CATHERINE
KING O'CONNOR, an attorney and resident of Florida,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Tax Defense Network, LLC, Ryan Lee Davis, and Catherine King O'Connor's (collectively "TDN") Motion to Dismiss for Improper Venue or in the Alternative, to Transfer Venue, filed on July 31, 2018. Doc. 3.[1] Plaintiffs Jennifer M. Gallegos and Arthur Gallegos filed their response on August 21, 2018. Doc. 11. TDN filed its reply on September 4, 2018. Doc. 14. The parties consented to proceed before me as the presiding judge to conduct dispositive proceedings in this matter, including motions and trial, and order the entry of final judgment. Docs. 5, 7, 9. Having read the submissions of the parties and the relevant law, and being fully advised, the Court finds that the motion is well-taken and will GRANT it.

---

[1] Defendants filed a Notice of Errata and Correction on August 3, 2018, to include a copy of the Client Services Agreement as Exhibit A to the motion. Doc. 8.

**I.      Background Facts and Procedural Posture**

This case arises out of a Client Services Agreement ("Agreement") between plaintiffs and TDN. *See* Doc. 8-1. Plaintiffs are residents of New Mexico who have tax disputes with the Internal Revenue Service ("IRS"), the State of New Mexico Taxation and Revenue Department ("NMTRD"), and the New Mexico Worker's Compensation Administration ("WCA"). Doc. 1-1 at 1–2, ¶ 2. TDN is a Delaware limited liability company with its primary offices in Jacksonville, Florida. *Id.* at 2, ¶ 3. Plaintiffs hired TDN to represent them before the IRS, NMTRD, and the WCA in connection with issues involving delinquent taxes.[2] *Id*. at 2, ¶ 2.

Plaintiffs allege that TDN failed to represent them before the NMTRD, including failing to appear at the NMTRD hearing and failing to appeal the decision of the NMTRD. *Id.* at 6–8. Plaintiffs allege that because of TDN's failures to act on their behalf, they suffered an extra $130,000.00 in tax assessments by NMTRD. *Id*. at 9, ¶ 70. Consequently, plaintiffs filed their Complaint for Damages and Petition for Injunctive Relief in the State of New Mexico, Second Judicial District Court. *Id*. TDN removed the case to this Court based on diversity jurisdiction. Doc. 1. Shortly after removal, TDN filed the instant motion to dismiss or to transfer based on the forum selection provision in the Agreement.

In its motion, TDN contends that this case either should be dismissed or alternatively transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a). TDN asserts that the Agreement "contains a valid, unambiguous venue selection clause requiring litigation of all disputes arising from the contract in the courts of Duval County, Florida." Doc. 3 at 1. The Agreement between TDN and plaintiffs includes a clause that states:

---

[2] TDN offered to handle all three cases for a total of $12,000.00, made up of $4,000.00 for each matter. Doc. 1-1 at 3. Eventually, TDN admitted that it had no ability to handle the WCA case and refunded $4,000.00 to the plaintiffs. *Id*.

> Choice of Law and Attorneys [sic] Fees: The interpretation and enforcement of this Agreement shall be construed in accordance with Florida law. Jurisdiction and venue shall be in the Courts of Duval County, Florida. Should any legal action become necessary, each Party shall be responsible for its own court costs, attorney's fee and any other related fees.

Doc. 8-1 at 4. Because this clause is a valid forum selection provision, the Court will grant TDN's motion and transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

## II. Discussion

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under FED. R. CIV. P. 12(b)(3)." *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 497 (10th Cir. 2002) (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir.1992)) (internal quotations omitted). The Tenth Circuit has observed that "[f]orum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley*, 969 F.2d at 957. A "forum clause should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Thus, "absent some compelling and countervailing reason [a forum selection clause] should be honored by the parties and enforced by the courts." *Id.* at 12.

The party seeking to avoid the forum selection clause bears "a heavy burden of proof." *Id.* at 17. "Only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defeat a contractual forum selection clause." *Riley*, 969 F.2d at 958. Even if some inconvenience

3

would result, that inconvenience would not justify non-enforcement of the forum selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596–97 (1991).

Plaintiffs argument against enforcement of the forum selection clause can be distilled into two main points. First, plaintiffs argue that the forum selection clause is invalid because enforcing it would be unreasonable and unjust. Doc. 11 at 1–7. Second, plaintiffs argue that the forum selection clause is permissive and not mandatory. *Id.* at 7−9. The Court will address these two issues in reverse order.

### A. The Forum Selection Clause is Mandatory, not Permissive.

"The difference between a mandatory and permissive forum selection clause is that mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (internal citation and quotations omitted). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* at 926–27. In *K & V Sci. Co.*, 314 F.3d at 500, the Tenth Circuit adopted the majority rule for enforcing forum selection clauses. Specifically,

> where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*Id.* at 499 (citations omitted) (brackets in original); *see also id.* 499–500 (examples of permissive and mandatory language). A forum selection clause is mandatory only when the venue is specified with "mandatory language." *See id.* at 500. Mandatory language is venue coupled with such terms as "exclusive," "sole," or "only." *Id.* If the forum selection clause is ambiguous—capable of being construed as either permissive or mandatory—the clause is deemed to be permissive. *Id.* Further, "if there is ambiguity in the clause [the court] should

4

construe it against the drafter." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

The forum selection clause in this case states, "Jurisdiction and venue shall be in the Courts of Duval County, Florida." Doc. 8-1 at 4. This provision is not ambiguous. The language is clear, and the wording points to the courts of Duval County, Florida. *See Milk 'N' More*, 963 F.2d at 1346 (finding the language "venue shall be proper under this agreement in Johnson County, Kansas" to be "reasonably clear and the wording strongly points to the state court of that county").

Plaintiffs argue that the language of the forum selection clause in this case is permissive because it is ambiguous and non-exclusive. Plaintiffs first argue that the clause is ambiguous because the title of the provision—"Choice of Law and Attorneys Fees"—"does not give fair notice to a reader that this section would limit his or her claims to only one court," and renders the clause ambiguous. Doc. 11 at 8. Plaintiffs cite no legal authority that the title of a provision in a contract creates an ambiguity when the terms set out in the body of the contract are clear and unambiguous. *See* D.N.M.LR-Civ. 7.3 ("A motion, response or reply must cite authority in support of the legal positions advanced."). The Court could not find any such authority and rejects this contention.

Plaintiffs next argue that although the clause contains the word "shall," it does not state that "venue shall **only** be in the Courts of Duval County." Doc. 11 at 8. While the Tenth Circuit has explained that "[m]andatory language is venue coupled with such terms as 'exclusive,' 'sole,' or 'only,'" *K & V Sci. Co.*, 314 F.3d at 500, that does not mean that a forum selection provision will be deemed permissive if it does not contain these specific terms. The Tenth Circuit has found that the use of the term "shall" alone is sufficient to find a forum selection

5

clause mandatory. "The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Milk 'N' More*, 963 F.2d at 1346. The Court is not convinced that the term "only" is necessary in this case. The parties' agreement that "[j]urisdiction and venue *shall* be in the Courts of Duval County, Florida" is clear language showing the parties' intent that venue will exclusively be in Duval County, Florida. The forum selection provision in this case is, therefore, mandatory.

      B.  <u>The Forum Selection Provision is Valid and Enforceable</u>.

> The Supreme Court has identified three grounds for repudiating a forum selection clause: first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, "if enforcement would contravene a strong public policy of the forum in which suit is brought."

*Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (quoting *Bremen*, 407 U.S. at 12–13, 15, 18). Plaintiffs contend that all three exceptions apply to the forum selection clause in this case. Doc. 11 at 5.

      1.  *The Forum Selection Clause is Not a Product of Fraud or Overreaching*.

A forum selection clause may be unjust or unreasonable if the inclusion of the clause in the agreement was the product of fraud or overreaching. *Richards*, 135 F.3d at 1294. Plaintiffs do not allege that the inclusion of the forum selection clause in the Agreement was the product of fraud. In their response to defendants' motion, plaintiffs argue that it was "grossly unfair for TDN, claiming it was going to serve as a legal advocate for Plaintiffs, to 'sneak in' a forum selection clause . . . ." Doc. 11 at 5. Plaintiffs have not alleged, however, that the forum selection clause was deceptively included in the Agreement. Indeed, the forum selection clause is not hidden or in an unreasonably small font; it is simply a term of the agreement. *See* Doc. 8-1 at 4. Ms. Gallegos' initials appear at the bottom of the page containing the forum selection

6

clause as they do on each page of the signed agreement. *Id*. While plaintiffs allege that TDN did not fulfil its obligations to represent them and deceived them about the nature of the work that would be performed, there are no allegations in the complaint that the inclusion of the forum selection clause itself was the product of fraud.

With respect to the allegation of "overreaching"—a potential ground short of fraud, *see Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004)—plaintiffs have not alleged enough facts to evade the consequences of the forum selection choice. Plaintiffs suggest that the forum selection clause is overreaching because they were in a weaker bargaining position than TDN. They contend, for example, that the clause can be invalidated when one party uses "greater bargaining-power, or sophistication to compel the weaker party to agree to the clause."[3] Doc. 11 at 5. Plaintiffs further argue "[t]here is no doubt that a large law firm is more sophisticated than regular, work-a-day consumers." *Id.* at 6. This power differential, however, does not make a forum selection clause unenforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593−95 (1991) (Unequal bargaining power between the parties (passengers and a cruise line) did not make a forum selection clause unenforceable.). "Under *Carnival Cruise*, a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause." *See Murphy*, 362 F.3d at 1141. Moreover, there is no evidence of overreaching beyond plaintiffs' conclusory assertion that "TDN's imposition of a grossly unfair

---

[3] Plaintiffs cite *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) to support this proposition. The language describing the exceptions in *Richards*, however, does not include "greater bargaining-power or sophistication to compel the weaker party to agree to the clause" as grounds for repudiating a forum selection clause. *See id.* at 1296−97. Plaintiffs do not submit any legal support requiring the Court to evaluate the parties' power differential when determining the validity of a forum selection provision, and in fact, the Supreme Court has indicated that the power differential is not a factor. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593−95 (1991).

7

and grossly one-sided forum selection clause was both overreaching and unconscionable." Doc. 11 at 6.

## 2. *The Forum Selection Provision does not Contravene a Strong Public Policy in New Mexico.*

Plaintiffs argue that enforcing the forum selection clause would contravene a strong public policy in New Mexico. *Id*. at 1–5.[4] Plaintiffs assert that they brought this consumer protection case to enforce the New Mexico Unfair Practices Act ("UPA") and the Unauthorized Practice of Law statute. *Id*. at 1. The UPA represents New Mexico's public policy in favor of preventing consumer harm and resolving consumer claims. *State ex rel. Balderas v. ITT Educ. Servs., Inc.*, 2018-NMCA-044, ¶ 16, 421 P.3d 849, 854. Additionally, there is a fundamental public policy in New Mexico that consumers have a viable mechanism to redress any harm. *See Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 8, 144 N.M. 464, 467, 188 P.3d 1215, 1218. Nevertheless, "New Mexico respects party autonomy; the law to be applied to a particular dispute may be chosen by the parties through a contractual choice-of-law provision." *Id*., 2008-NMSC-046, ¶ 7, 144 N.M. 464, 467, 188 P.3d 1215, 1218. "However, when application of the law chosen by the parties offends New Mexico public policy, our courts may decline to enforce the choice-of-law provision and apply New Mexico law instead." *Id*.

---

[4] Plaintiffs cite *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) in support of their argument, and they list three factors that courts should evaluate to determine whether "the public interest of the forum provide[s] compelling reasons to retain jurisdiction." Doc. 11 at 4. The factors listed by plaintiffs, however, do not apply when a contract contains a valid forum-selection clause. *See Atl. Marine Constr. Co.*, 571 U.S. at 62 ("In the typical case **not involving a forum-selection clause**, a district court considering a § 1404(a) motion (or a *forum non conveniens motion*) must evaluate both the convenience of the parties and various public-interest considerations [footnote includes factors to be evaluated]. . . . **The calculus changes, however, when the parties' contract contains a valid forum-selection clause**, which represents the parties' agreement as to the most proper forum.") (emphasis added) (internal quotations and citations omitted). Accordingly, the factors plaintiffs list do not apply, and the Court will not evaluate those factors.

8

While plaintiffs point out that New Mexico has a strong public policy interest in protecting consumer rights, they do not argue that applying Florida law would offend any New Mexico public policy. Florida maintains an unfair practices act that "affords civil private causes of action for both declaratory and injunctive relief and for damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006); *see also* Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. ANN. § 501.201 *et seq*.

> The act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer. Section 501.211, Florida Statutes (1981), authorizes a consumer to recover actual damages, attorney's fees, and court costs for a violation of the statute.

*Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. Dist. Ct. App. 1985). Florida also provides for civil actions to compensate consumers for the unauthorized practice of law. *See Goldberg v. Merrill Lynch Credit Corp.*, 981 So. 2d 550, 551 (Fla. Dist. Ct. App. 2008) ("Chapter 10 governs the investigation and prosecution of the unlicensed practice of law. Rule 10-7.1 sets out the procedure to be followed to obtain civil injunctive relief. . . . Subsection (d)(3), entitled 'Restitution' provides: 'Nothing in this section shall preclude an individual from seeking redress through civil proceedings to recover fees or other damages.'"[5]), *approved*, 35 So. 3d 905 (Fla. 2010). Because plaintiffs have a viable mechanism to redress their unfair practices and unauthorized practice-of-law claims in the Florida courts, the forum selection clause is not an affront to New Mexico public policy.

3. *The Forum Selection Provision Will Not Deprive Plaintiffs of their Day in Court*.

---

[5] The Supreme Court of Florida must determine that the services actually constitute the unauthorized practice of law as a prerequisite for filing a suit to recover fees and costs for the unauthorized practice of law. *Goldberg*, 981 So. 2d at 552.

Finally, Plaintiffs argue that enforcement of the forum selection provision is unreasonable because they effectively will be deprived of their day in court. To overcome the presumption that a forum selection provision is valid, a party must make "a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice . . . ." *Riley*, 969 F.2d at 958 (citing *Carnival Cruise Lines*, 499 U.S. at 594). The fact that some inconvenience would result does not justify non-enforcement of the forum selection clause. *Carnival Cruise Lines*, 499 U.S. at 596−97.

While plaintiffs establish that their financial situation would make litigation in Florida more inconvenient than if they are able to litigate in New Mexico, they do not establish that it would foreclose a remedy. Plaintiffs established through affidavit testimony that "they do not have the financial means to travel to Florida regularly to fight TDN, and their attorney is not licensed to practice law in Florida." Doc. 11 at 6; *see also* Doc. 11 at 11. Financial constraints alone do not create an inconvenience so serious as to foreclose a remedy. The Honorable James O. Browning has observed that "[m]any judges in the federal courts allow parties to appear telephonically or through other means. Indeed, many communications in the modern legal world happen electronically or telephonically." *Montoya v. Fin. Fed. Credit, Inc.*, 872 F. Supp. 2d 1251, 1273 (D.N.M. 2012). Judge Browning further noted that while the plaintiff in *Montoya* would likely need to make some flights and long drives to litigate outside of the state of New Mexico, as well as potentially hire local counsel, "those minor burdens do not foreclose the Plaintiffs from pursuing a remedy." *Id.*; s*ee also, e.g.*, *Mann v. Auto. Prot. Corp.*, 777 F. Supp. 2d 1234, 1241 (D.N.M. 2011) (finding plaintiff's limited resources and poor health did not foreclose a remedy); *Levesque v. Trans Union, LLC*, No. 2:09-cv-01393-RLH-LRL, 2010 WL 3522264, at *3 (D. Nev. Sept. 1, 2010) (unpublished) (enforcing forum selection provision where

the plaintiff suffered from a heart condition requiring him to be housebound and claimed an economic hardship in the transfer of venue); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861–62 (N.D. Cal. 2010) (enforcing forum selection provision where the plaintiff could not sit in the same position for more than twenty minutes, could not fly across the country, and could not afford the airfare).

It is undisputed that plaintiffs "live from paycheck to paycheck and are struggling financially," and that they "cannot afford to travel to Florida regularly, let alone one time, even just airfare." Doc. 11 at 11. Nevertheless, the Court cannot reasonably conclude that requiring plaintiffs to litigate in Florida would foreclose their remedies solely due to an economic hardship. As Judge Browning found, the relatively minor inconveniences of traveling outside of the state of New Mexico and hiring local counsel does not foreclose a remedy.

C. <u>The Court Will Transfer this case to the Federal District court for the Middle District of Florida</u>.

The forum selection clause in this case is both mandatory and enforceable and, therefore, valid. Defendants requested that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, transferred to the federal district court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a). *See* Doc. 3 at 1. "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.*

The question of whether venue is wrong or improper generally is governed by 28 U.S.C. § 1391. Section 1391 provides that "[a] civil action may be brought in—(1) a judicial district in

11

which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 571 U.S. at 56. On the other hand,

> [w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391. As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Id.* 571 U.S. at 56.

This case appears[6] to fall within § 1391 because New Mexico is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Recognizing the possibility that the case may not be dismissed pursuant to § 1406 or Rule 12(b)(3), defendants ask in the alternative that the Court construe their motion as a motion to transfer under 28 U.S.C. § 1404. Doc. 14 at 8. The Court agrees that it is appropriate to transfer this case, and it will construe defendants' motion as a motion to transfer rather than a motion to dismiss.

A forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). Section 1404(a) states:

---

[6] The issue of whether venue is "wrong" or "improper" under § 1391 was not addressed by either party in the briefing.

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Section 1404(a) "permits transfer to any district where venue is also proper (i.e., 'where the case might have been brought') or to any other district to which the parties have agreed by contract or stipulation." *Atl. Marine Const. Co.*, 571 U.S. at 59 (internal citations omitted). "Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Id*. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id*. at 62.

When considering a typical § 1404(a) motion that does not involve a forum selection clause, the district court must evaluate both the convenience of the parties and various public-interest considerations. *Id*. at 62. The considerations change when the parties' contract contains a valid forum selection clause, as it does in this case. *Id*. at 63. First, the Court does not give the plaintiff's choice of forum any weight. *Id*. "As the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Here, as discussed above, plaintiffs have not established that transfer to Duval County, Florida is unwarranted.

Second, the parties' private interests—such as financial constraints—are not a factor considered by the Court.

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

13

*Id*. at 64. Rather, a court should only consider public-interest factors. *Id*. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* As previously discussed, the public-interest factors do not defeat defendants' transfer motion.

> Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Id*. In other words, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id*. As previously discussed, plaintiffs have a viable mechanism to redress any harm in the Florida courts. Consequently, the choice-of-law rules do not affect public-interest considerations.

In this case, transfer to the Middle District of Florida is appropriate. The forum selection clause specifics that "venue shall be in the Courts of Duval County, Florida." Doc. 8-1 at 4. The United States District Court for the Middle District of Florida has a division at The Bryan Simpson United States Courthouse, located in Jacksonville, Florida, which serves, among others, Duval County. *See* http://www.flmd.uscourts.gov (last visited 11/8/2018). There is no unusual circumstance that prevents this Court from transferring this action to the Middle District of Florida.

IT IS THEREFORE ORDERED that Defendants Tax Defense Network, LLC, Ryan Lee Davis, and Catherine King O'Connor's Motion to Dismiss for Improper Venue or in the Alternative, to Transfer Venue, filed on July 31, 2018 (Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to transfer this case to the Middle District of Florida.

                                                    _____
                                                    Laura Fashing
                                                    United States Magistrate Judge
                                                      Presiding by Consent